1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DONTAE LARAIL McFADDEN,                     No.  2:19-cv-01056 GGH P

12                     Petitioner,

13        v.                                     ORDER

14   UNKNOWN,[1]

15                     Respondent.

16

17        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus

18   pursuant to 28 U.S.C. § 2241, together with a request to proceed in forma pauperis.

19        Examination of the affidavit reveals petitioner is unable to afford the costs of this action.

20   Accordingly, leave to proceed in forma pauperis is granted.  28 U.S.C. § 1915(a).

21        Rule 2 of the Rules Governing Section 2254 Cases provides that the petition: "shall

22   specify all the grounds for relief which are available to the petitioner and of which he has or by

23   the exercise of reasonable diligence should have knowledge and shall set forth in summary form

24   the facts supporting each of the grounds thus specified."  Rule 2(c), Rules Governing Section

25   _____

26        [1] "A petitioner for habeas corpus relief must name the state officer having custody of him or her as
     the respondent to the petition."  Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994)
27   (citing Rule 2(a), 28 U.S.C. foll. § 2254).  In the instant action, petitioner has not named a respondent.
     Petitioner is cautioned that when amending his petition he should name the proper respondent.  Failure to
28   do so will result in the dismissal of the petition with leave to amend.  See Stanley, 21 F.3d at 360.

                                              1

2254 Cases.  Petitioner must also clearly state the relief sought in the petition.  Id.  Additionally, the Advisory Committee Notes to Rule 4 explains that "notice pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error."  Advisory Committee Notes to Rule 4; see Blackledge v. Allison, 431 U.S. 63, 75, n.7 (1977).

Here, petitioner fails to allege specific grounds for relief for his three claims. Rather, petitioner merely labels his grounds as "kidnap for robbery," "D.N.A. Testing/Evidentiary Hearing," and "Motion to Sever Count Six Denied."  See ECF No. 1 at 5, 7, 8.  As set forth in its current form, the petition fails to state a cognizable claim for relief.  Moreover, the court will not infer or guess the claims that petitioner is seeking to present before the court.

The petition fails to comply with Rule 2(c), Rules Governing Section 2254 Cases. Therefore, the petition is dismissed with leave to amend.  Rule 4, Rules Governing Section 2254 Cases.  In the amended petition, petitioner must set forth each claim for relief and summarize the facts he alleges support each of the identified claims.  Moreover, petitioner must clearly state which claims have been exhausted through state court remedies.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner is granted leave to proceed in forma pauperis;

2. Petitioner's application for writ of habeas corpus is dismissed with leave to amend within thirty days from the date of this order;[2]

3. Any amended petition must bear the case number assigned to this action and the title "Amended Petition"; and

4. The Clerk of the Court is directed to send petitioner the court's form application for writ of habeas corpus.

Dated: June 17, 2019

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

---

[2] By setting this deadline the court is making no finding or representation that the petition is not subject to dismissal as untimely.

2